UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANCISCO JAVIER CASTILLO PEREZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-11462-IT |
| | * | |
| PAMELA BONDI, et al., | * | |
| | * | |
| Respondents. | * | |
| | * | |

MEMORANDUM & ORDER

April 7, 2026

TALWANI, D.J.

Petitioner Francisco Javier Castillo Perez is a noncitizen currently detained at the

Plymouth County Correctional Facility in Plymouth, MA. Pet. ¶ 1 [Doc. No. 1]. On March 26,

2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends

that his detention is governed by 8 U.S.C. § 1226(a), and accordingly requests a bond hearing.

Pet. ¶¶ 11–13 [Doc. No. 1]. Petitioner states further he is entitled to a bond hearing as a member

of the class in Guerrero Orellana v. Moniz, No. 25-CV-12664-PBS, __ F. Supp. 3d__, 2025 WL

3687757 (D. Mass. Dec. 19, 2025). Id. ¶ 22.[1]

Respondents state that

the legal issues presented in this Petition are similar to those recently addressed by
this Court in Doe v. Moniz, [800 F. Supp. 3d 203 (D. Mass. 2025)]; Escobar v.
Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva
v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-

---

[1] In Guerrero-Orellano, the court entered, as to class members, a declaratory judgment
establishing that class members are not subject to detention under 8 U.S.C. § 1225(b)(2) but
under 8 U.S.C. § 1226(a) and are thus entitled to "access to consideration for release on bond
and/or conditions before immigration officers and Immigration Judges." Guerrero Orellana v.
Moniz, 2025 WL 3687757, at *10.

cv-12616-IT (D. Mass. Oct. 9, 2025); and <u>Caguana-Caguana v. Moniz</u>, No. 25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025).

Respondents' Resp. to Habeas Petition 1 [Doc. No. 6] (cleaned up). Respondents further note that should the court follow its reasoning in those cases, it would reach the same result here. <u>Id.</u> at 1–2.

The court finds the reasoning in <u>Doe</u> remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in <u>Matter of Yajure Hurtado</u>, 29 I. & N. Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. <u>See</u> <u>Elias Escobar v. Hyde</u>, No. 1:25-CV-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1] is therefore GRANTED as follows. No later than April 14, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on <u>Matter of Yajure Hurtado</u>, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention. Respondents shall file a status report no later than April 16, 2026.

IT IS SO ORDERED.

April 7, 2026                                                    /s/ Indira Talwani
                                                                        United States District Judge

2